Stella C. GONZALES, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO;
Christian & Missionary Alliance and
Twin City Fire Insurance Compa-
ny/Hartford, Respondents.

No. 94CA1858.

Colorado Court of Appeals,
Div. IV.

Sept. 14, 1995.

Jon C. Thomas, P.C., Jon C. Thomas, Colo-
rado Springs, for petitioner.

Blackman and Levine, L.L.C., Tama L.
Levine, Jordan S. Levine, Denver, for re-
spondents Christian & Missionary Alliance
and Twin City Fire Insurance Compa-
ny/Hartford.

No appearance for respondent Industrial
Claim Appeals Office of the State of Colora-
do.

Opinion by Judge DAVIDSON.

Stella C. Gonzales (claimant) seeks review
of a final order of the Industrial Claim Ap-
peals Panel which terminated her temporary
total disability benefits. We affirm.

In 1989, claimant sustained an occupational
disease that resulted in bilateral foot prob-
lems. Although in 1992 the treating physi-
cian recommended foot surgery to improve
claimant's pain, he later opined that such
surgery was "contraindicated and dangerous"
to claimant's health without her first under-
going corrective heart surgery.

The Administrative Law Judge (ALJ)
found that claimant's preexisting heart condi-
tion precluded her from undergoing the foot
surgery previously recommended by the
treating physician. She also found that, in
the absence of foot surgery, the claimant was
at maximum medical improvement from the

industrial injury. Accordingly, the ALJ terminated temporary total benefits as of April 2, 1993. The Panel affirmed on this basis.

Claimant challenges the finding that as of April 2, 1993, no treatment was reasonably available to improve the claimant's condition. She asserts such finding is not supported by the record and is in direct conflict with the ALJ's findings of fact. We do not agree.

 A finding of maximum medical improvement severs the claimant's rights to temporary disability payments and invokes the right, if any, to permanent disability benefits. *See Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App.1983).

 Under applicable law, maximum medical improvement exists when "the underlying condition causing the disability has become stable and nothing further in the way of treatment will improve that condition." *Reynolds v. Industrial Claim Appeals Office,* 794 P.2d 1080, 1081 (Colo.App.1990). An employer's obligation to provide medical benefits to treat an industrial injury is limited to such treatment "as may reasonably be needed" to cure and relieve the effects of the injury. *See* § 8–42–101(1)(a), C.R.S. (1994 Cum.Supp.).

 We agree with the Panel that, in the absence of a recommendation for treatment that has a reasonable prospect for improving a claimant's condition, the claimant may be found to be at maximum medical improvement. *See Reynolds v. Industrial Claim Appeals Office, supra.*

> Here, the ALJ concluded that: Dr. Garcia has specifically stated that Claimant's condition will improve with surgery. However, he has, on numerous occasions, stated, both in writing and at his deposition, that he foresees no improvement without surgery. Dr. Garcia's opinion that the Claimant has attained maximum medical improvement without surgery is unrebutted. There is insufficient evidence submitted by the Claimant that there will be any improvement in her condition without the surgery.

Further, it was undisputed that corrective heart surgery was not recommended for claimant unless and until she manifested symptoms.

Thus, claimant's argument to the contrary notwithstanding, because the foot surgery was contraindicated without heart surgery, and because the advisability and timing of the latter surgery was, at the time of the hearing, completely undetermined, the record shows that there was no treatment available which reasonably could improve claimant's condition. Accordingly, the ALJ's factual finding that claimant reached maximum medical improvement is binding on review. *See Monfort, Inc. v. Rangel,* 867 P.2d 122 (Colo.App.1993).

Because the Panel rejected the ALJ's alternative basis for terminating benefits, claimant's argument that the "full responsibility rule" was violated is not dispositive. Furthermore, since claimant was not denied payment of medical expenses, and since employer concedes that this case need not be re-opened if additional medical benefits are sought, the various cases upon which claimant relies are inapposite.

Order affirmed.

MARQUEZ and KAPELKE, JJ., concur.